UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. 10-CR-00351 (JRT/LIB) |
| v. | **ORDER** |
| HERIBERTO BARRON-BANUELOS,<br>A/K/A ALBERTO BARRON-BANUELOS,<br>A/K/A PORFIRIO CADENA,<br>A/K/A FELIPE GARCIA LOPEZ,<br>A/K/A MARCO ANTONIO DIAZ,<br><br>       Defendant. | |

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. § 636(b)(1)(A), upon the parties' Pretrial Motions. A Hearing was held on February 1, 2011, at which time the Defendant appeared personally, and by Caroline Durham, Assistant Federal Defender, and the Government appeared by Laura M. Provinzino, Assistant United States Attorney.

The Court addresses the Motions that are subject to disposition by order as follows:

**1.      Defendant's Motion for Disclosure of 404(b) Evidence**

The Government acknowledged its obligation under Rule 404(b) of the Federal Rules of Evidence to disclose evidence of prior bad acts and to identify the witnesses through whom such evidence will be presented at trial. Therefore, the Government is directed to disclose such evidence in its possession or which comes within its possession and to do so by no later than fourteen days before trial. Thus, the Court grants this Motion, subject it to the fourteen day time constraint.

**2.      Defendant's Motion for Discovery and Inspection**

1

The Defendant requested any written, recorded or oral statements made by the Defendant in the possession of the government, the substance of any oral statements made by the Defendant which the Government intends to offer in evidence at the trial, and a copy of the prior criminal record of the Defendant.  Furthermore, the Defendant requested permission to inspect and/or copy books, papers, documents, photographs, tangible objects in the possession of the government, and the results of any mental examinations or scientific tests or experiments.  The Government agreed to provide such information as it becomes available to the Government, but no later than three days before trial. Therefore, the Court grants this motion subject to the three day time constraint.

3. **Defendant's Motion for Grand Jury Transcripts**

The Government agreed to provide Grand Jury transcripts as part of its Jencks Act disclosures no later than three days before trial.  As such, the Court grants this motion subject to the three day time constraint.

4. **Defendant's Motion for Early Disclosure of Jencks Act Material**

The Government has agreed to disclose any Jencks Act material by no later than three calendar days before Trial.  Therefore, the Court grants this motion subject to the three day time constraint.

5. **Defendant's Motion to Retain Rough Notes**

The Government does not object to directing the agents involved in this case to retain any existing rough notes that they may have in their possession.  However, the Government has not agreed that Defendants are entitled to the rough notes.  Accordingly, Defendant's motion to retain rough notes is granted.

6. **Defendant's Motion for Discovery of Expert Under Rule 16(a)(1)(G)**

In response to the Defendant's Motion for Discovery of Expert under Rule 16(a)(1)(G), the Government indicates that it will comply with its obligations under Rule 16 and to provide Defendant with required Rule 16 expert disclosures no later than fourteen days before trial. As such, the Court grants Defendant's motion subject to the fourteen day time constraint.

**8.     The Government's Motion for Discovery**

The Government seeks discovery pursuant to Rule 16(b), 12.1, 12.2, and 26.2, Federal Rules of Criminal Procedure. The Government seeks production of materials and information Defendant intends to introduce at trial including documents, tangible objects, reports of examinations and tests, witness statements, expert witness disclosures, and notice as to whether Defendant intends to claim alibi, insanity or mental illness as a defense in this case. The Defendant does not object to the Government's motion but states, through counsel, that he has no responsive evidence in possession to produce at this time and that he does not anticipate calling an expert witness at trial. Further, the Defendant states, through counsel, that he presently is not asserting any defenses based upon alibi, insanity or mental illness. The Defendant agrees to produce any responsive evidence or provide any responsive disclosures to the Government should anything come into control of the Defendant. Therefore, the Court grants the motion. The Defendant shall produce at least three days before trial any responsive, tangible objects, reports of examinations or tests, and/or witness statements he hereafter comes into possession of, gains control over, has knowledge of and intends to introduce at trial. The Defendant shall disclose and/or give notice to the Government at least fourteen days before trial of any expert witness testimony, alibi, insanity or mental illness defense he hereafter decides to offer and pursue at trial.

NOW THEREFORE, It is –

ORDERED:

1.  That the Defendant's Motion for Disclosure of 404(b) Evidence [Docket No. 16] is GRANTED and the Government shall produce any such evidence no less than fourteen days before trial.

2.  That the Defendant's Motion for Discovery and Inspection [Docket No. 17] is GRANTED and the Government shall produce any such evidence no less than three days before trial.

3.  That the Defendant's Motion for Grand Jury Transcripts [Docket No. 18] is GRANTED and the Government shall produce the requested transcripts of testimony no less three days before trial.

4.  That the Defendant's Motion for Disclosure for Early Disclosure of Jencks Act Material [Docket No. 19] is GRANTED in that the Government shall produce any such evidence no less than three days before trial.

5.  That the Defendant's Motion to Retain Rough Notes [Docket No. 20] is GRANTED as to retention only.

6.  That the Defendant's Motion for Discovery of Expert under Rule 16(a)(1)(6) [Docket No. 21] is GRANTED and the Government shall provide expert witness information no later than fourteen days before trial.

7.  That the Government's Motion for Discovery [Docket No. 24] is GRANTED as set forth above should Defendant subsequently become aware of or obtain responsive evidence or information that he will seek to introduce at trial, as well as, make any required disclosures regarding expert witnesses or reliance upon alibi, insanity or mental illness as a defense.

BY THE COURT

Dated: February 2, 2011

s/ [signature]
Leo I. Brisbois
U.S. MAGISTRATE JUDGE